```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
GEOVANNY FERNANDO CAMPOVERDE QUIZHPI,      :
                                           :
                 Petitioner,               :
                                           :        26cv310 (DLC)
          -v-                              :
                                           :        OPINION AND
TODD M. LYONS; U.S. IMMIGRATION AND        :           ORDER
CUSTOMS ENFORCEMENT; KRISTI NOEM; U.S.     :
DEPARTMENT OF HOMELAND SECURITY;           :
PAMELA BONDI; and UNITED STATES            :
DEPARTMENT OF JUSTICE,                     :
                                           :
                 Respondents.              :
                                           :
----------------------------------------- X
```

APPEARANCES:

For plaintiff Geovanny Fernando Campoverde Quizhpi:
Leonard Henry Hecht
Thomas T. Hecht, P.C.
729 Seventh Avenue, 14th Floor
New York, NY 10020

For defendant Todd M. Lyons, et al.:
Mallika Balachandran
U.S. Attorney's Office for the Southern District of New York
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

Petitioner Geovanny Fernando Campoverde Quizhpi, a noncitizen, fears being removed by U.S. Immigration and Customs Enforcement ("ICE") and filed an anticipatory petition for a writ of habeas corpus on February 4, 2026. For the following reasons, the petition is denied.

## Background

Quizhpi is a 30-year-old man who is a citizen of Ecuador and resides in Brooklyn, New York.  On January 5, 2014, Quizhpi unlawfully entered the United States and was taken into custody by the U.S. Border Patrol, an agency within the Department of Homeland Security, near the Rio Grande Valley in Texas.  Because he was 17 years old at the time, Quizhpi was classified as an "unaccompanied alien child" and detained in juvenile custody. He was also served with a Form I-200 Warrant for Arrest of Alien, a Form I-862 Notice to Appear ("NTA"), a Form I-286 Notice of Custody Determination, and a list of free legal service providers.  Quizhpi turned 18 years old six days later on January 11, 2014 and was released pursuant to a Form I-220A Order of Release on Recognizance.

It appears that the original January 5, 2014 NTA was never served on the Immigration Court.  On May 8, 2014, ICE issued a superseding NTA and mailed it to the petitioner's reported address, his aunt Elvia Quizhpi's home.  The superseding NTA charged him as inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and ordered him to appear before an Immigration Judge for a removal hearing.  The superseding NTA, however, did not specify when Quizhpi's removal hearing would occur.  Instead, it stated that the date and time

2

of the hearing was "to be set."  Quizhpi reports that he never received the superseding NTA because he no longer lived with his aunt at that time.  Quizhpi also contends to have submitted a change of address form to the Executive Office for Immigration Review ("EOIR"), an agency within the U.S. Department of Justice, seven months later on October 18, 2014.

The Government asserts that, on April 1, 2015, Quizhpi failed to appear at a removal hearing and the Immigration Judge ordered his removal in absentia.  The Government has not identified what steps it took to notify Quizhpi of the April 1, 2015 hearing and Quizhpi asserts that the Government's failure to notify him renders the removal order constitutionally defective.

On July 27, 2019, Quizhpi married Jennifer D. Lema, a U.S. citizen, with whom he now has two children ages 9 and 5.  On August 11, 2019, Quizhpi was arrested by the New York Police Department and charged with third-degree assault, criminal obstruction of breathing or blood circulation, and second-degree harassment.  These charges were later dismissed.

On February 13, 2025, Quizhpi's wife filed a Form I-130 Petition for Alien Relative with USCIS on his behalf, a prerequisite to applying for permanent residency.  This petition remains pending, and no interview has been scheduled with USCIS.

3

Quizhpi is not currently detained by ICE, nor has he been since his release on recognizance on January 11, 2014.  Quizhpi also does not currently have any check-ins or reports scheduled with ICE.

On January 17, 2026, Quizhpi filed this anticipatory petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Quizhpi fears that he will be arrested and removed when USCIS requires him and his wife to appear for an in-person interview to adjudicate the Form I-130 Petition.  Once removed, he contends that he will lose his right to apply to USCIS for additional immigration relief, including a Form 1-212 Permission to Reapply for Admission and a Form I-601A Application for Provisional Unlawful Presence Waiver.  Quizhpi thus asks this Court to stay his removal.  On February 4, respondents opposed the petition.  On February 10, Quizhpi filed his reply and the petition became fully submitted.

## Discussion

Quizhpi's anticipatory petition for habeas corpus is denied.  It is not ripe and Quizhpi lacks standing to bring his petition.

I.  Ripeness

"The ripeness doctrine prevents a federal court from entangling itself in abstract disagreements over matters that

are premature for review because the injury is merely speculative and may never occur." United States v. Birkedahl, 973 F.3d 49, 55 (2d Cir. 2020) (citation omitted). It is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Id. (citation omitted). As a result, there are two forms of ripeness that are overlapping but distinct.

Constitutional ripeness, which is derived from the Article III Case or Controversy Clause, "prevents courts from declaring the meaning of the law in a vacuum and from constructing generalized legal rules unless the resolution of an actual dispute requires it." Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003). A case is not constitutionally ripe, therefore, when it is "not a real or concrete dispute affecting cognizable current concerns of the parties within the meaning of Article III." Id.

To determine whether a case is prudentially ripe, courts ask two questions. First, a court determines "whether an issue is fit for judicial decision," or, specifically, "whether the issues sought to be adjudicated are contingent on future events or may never occur." Id. at 359 (citation omitted). Second, a court asks "whether," if judicial resolution is withheld, "the challenged action creates a direct and immediate dilemma for the

5

parties." Id. at 360 (citation omitted). Critically, "[t]he mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship." Id. While all cases must be constitutionally ripe in order to be heard, a court may still decline to exercise its jurisdiction if it determines that the case is not prudentially ripe. See id. at 361.

It is unnecessary to decide whether Quizhpi's petition is constitutionally ripe since it is not prudentially ripe. Quizhpi is not currently detained by ICE, nor has he been since his 2014 release on recognizance. As already explained, his habeas petition rests on three hypothetical conditions that may or may not occur: first, that USCIS will require him and his wife to appear for an in-person interview to adjudicate the Form I-130 she submitted on his behalf in February 2025; second, that ICE will arrest and detain him when he appears for that interview; and third, that he will be removed from the country before he can challenge his order of removal and obtain other relief necessary to remain in this country. Quizhpi asks this Court to stay a future removal based on a potential detention at a not-yet-scheduled interview. Thus, Quizhpi's petition seeks to adjudicate issues that are "contingent on future events or may never occur." Id. at 359 (citation omitted).

II.  Standing

Under Article III, the "irreducible constitutional minimum of standing" contains three requirements:

> (1) the plaintiff must have suffered an injury in fact, i.e., an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
>
> (2) there must be a causal connection between the injury and the conduct complained of; and
>
> (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Nat'l Org. for Marriage, Inc. v. Walsh, 714 F.3d 682, 688 (2d Cir. 2013) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).  "Standing and ripeness are closely related doctrines that overlap most notably in the shared requirement that the plaintiff's injury be imminent rather than conjectural or hypothetical."  Id. (citation omitted).  Quizhpi lacks standing to bring this petition for the same reasons that his request for relief is unripe.  His claimed injury -- a potential future removal -- is conjectural and hypothetical, rather than actual or imminent.[1]

---

[1] Because Quizhpi's petition is jurisdictionally barred under the Article III standing doctrine and unripe, this Opinion does not reach the Government's alternate arguments that Quizhpi is not "in custody," as required to pursue a habeas petition under 28

## Conclusion

Quizhpi's petition for a writ of habeas corpus is denied without prejudice to Quizhpi's ability to bring a new petition for habeas corpus based on the same claims at such time that those claims become ripe and he has standing to bring them.

Quizhpi having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:    New York, New York
          April 22, 2026

                                    _____
                                           DENISE COTE
                                    United States District Judge

---

U.S.C. § 2241, and that this Court lacks jurisdiction to stay petitioner's removal under 8 U.S.C. §§ 1252(a)(5), (b)(9).